Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANTHONY BUBNIAK, Respondent, for Compensation under the Workmen's Compensation Law, *v.* JOHN K. STEWART & SONS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — schedule of percentage for hand losses adopted by State Industrial Commission — validity of award based solely thereon.**

The schedule of percentage for hand losses adopted by the State Industrial Commission cannot furnish the sole basis for the rendering of a decision as to a particular loss sustained, though it may be proper to use it to a certain extent as a general guide to prevent widely disproportionate awards. Therefore, an award for the loss of parts of a finger and a thumb, based solely on such schedule without any proof as to proportionate loss and without the exercise of any independent judgment by the State Industrial Commission or the deputy commissioner, is improper.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent, with memorandum.

APPEAL by the defendants, John K. Stewart & Sons and another, from an award of the State Industrial Commission, made on the 2d day of January, 1920, rescinding a former award and awarding the claimant compensation for seventy-two per cent loss of hand.

*Jeremiah F. Connor,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel] for the respondents.

H. T. KELLOGG, J.:

The claimant received an injury in the course of his employment through an accident arising out of the employment by which he sustained a loss of the first phalange of the first finger, a loss of the first phalange of the thumb, together with the greater part of the second phalange. It is provided in section 15, subdivision 3, of the Workmen's Compensation Law: " The loss of more than one phalange shall be considered as the loss of the entire thumb or finger." Claimant, therefore,

came within the provision of the same subdivision which reads: " Where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned." Under this provision he received an award as for the loss of seventy-two per cent of his hand. The difficulty with the award is that no proof was given as to the proportionate loss of the use of the hand, and no independent judgment was exercised by the deputy commissioner who tried the case or the Industrial Commission which approved the award made by him. Without taking any proof as to proportionate loss the deputy commissioner made the award with the following comment: " I hold that this hand comes clearly within the schedule adopted by the Commission, and the award recommended is made of 72% loss of hand or 175.68 weeks at $10.58 — total award of $1,858.69." The record shows that on or about December 17, 1919, the Industrial Commission adopted a resolution by which it promulgated as a guide for awards to be made a schedule of percentage hand losses. This consisted of varying percentages for twenty-six different injuries where more than two fingers are lost. The loss of the use of the hand is prescribed to be seventy-two per cent where the thumb and first finger are lost, sixty-eight and five-tenths per cent where the thumb and second finger are lost, sixty-seven and five-tenths per cent where the thumb and third finger are lost, and sixty-five and four-tenths per cent where the thumb and fourth finger are lost. It is entirely clear that the proportionate loss of the use of a hand cannot in advance be determined for every case with such nicety that even a loss of use amounting to less than a fraction of one per cent can be given. It is equally clear that in the case of every individual claimant the loss of a finger and thumb, even though the physical loss be exactly the same, would impair the use of the hand to a greater degree or a less degree, depending upon the adaptability of the claimant and other considerations. While the use of the schedule may be proper to a certain extent as a general guide to prevent widely disproportionate awards, it certainly cannot furnish the sole basis for the rendering of a decision as to a particular loss

sustained. To accord to it such virtue would be tantamount to holding that the Industrial Commission was invested with legislative powers. We do not think that this award, which was based exclusively upon the schedule and involved no exercise of judgment upon the part of the Industrial Commission or the deputy commissioner, can be sustained.

The award should be reversed and the claim remitted to the Commission for its further action.

All concur, except John M. Kellogg, P. J., dissenting, with a memorandum, in which Cochrane, J., concurs.

John M. Kellogg, P. J. (dissenting):

The question for the Commission to determine was what proportion of the hand was lost. It needed no evidence upon the subject. It saw the hand and no evidence could give it any additional information. The hearing was before a deputy commissioner. The Commission had promulgated certain rules as to proportionate losses to guide its deputies and itself perhaps in the ordinary cases where there was no contest. Under section 67 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622) it had the right to make rules covering its method of hearing cases and as a guide to its subordinates in the performance of their duties. The deputy in this case stated the rule and the counsel raised no objection to it and did not ask to put in any evidence upon the subject or question the justice of the rule. Of course, the Commission could not decide a case in advance and fix rules to govern its own discretion or the discretion of its deputies in judicial decisions. But it may well say that in ordinary cases the loss of the thumb and a finger is such a proportionate loss of the entire hand. The rules are not arbitrary; they are tentative suggestions which naturally will be followed in ordinary cases. The Commission made its award on the evidence. I favor an affirmance.

Cochrane, J., concurs.

Award reversed and matter remitted to the Commission for further action.